

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Gilbert Smith
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. 0-1449
Re: Under Art. 3902 is the county judge
allowed to pay from the general fund any
salary for an assistant? Is it necessary
that a county have a population of not
less than 48,900 before the county judge
is allowed to employ an office assistant,
bookkeeper and stenographer?

Your request for an opinion on the following
questions, which we have numbered one, two and three,
has been received:

(1) "Under Article 3902, R. C. S., is the
County Judge allowed to pay from the General
Fund, any salary for an assistant?

(2) "Is it necessary that a County have a
population of not less than 48,900, before the
County Judge is allowed to employ an office
assistant, bookkeeper and stenographer?

(3) "Is it legally necessary that the Coun-
ty Judge be specifically authorized in view of
Article 3902 in which it says that any officer
of the District, County or precinct may employ
assistants with the approval of the Commission-
er's Court?"

Article 3902, Vernon's Annotated Civil Statutes,
is a general statute authorizing the appointment of de-
puties, assistants or clerks by "any district, county or
precinct officer".

The first sentence of said article reads as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the county commissioner's court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid * * * "

Section 3a of Article 3902, Vernon's Annotated Civil Statutes, referred to in your letter, which attempted to authorize the county judge of counties having a population of not less than 48,000 and not more than 49,000 inhabitants, according to the preceding Federal Census, to employ one person "as office assistant, bookkeeper and stenographer", has been declared void and unconstitutional by this department in opinion No. O-364 by the Honorable Ardell Williams, Assistant Attorney General.

Section 3a of Article 3902 having been held unconstitutional, the 46th Legislature during its regular session passed Article 3903c, Vernon's Annotated Civil Statutes, which reads as follows:

"That the County Judge in all counties in Texas having a population of not less than forty-eight thousand, six hundred (48,600) nor more than forty-nine thousand (49,000) according to the last preceding or any future Federal Census be empowered to appoint an Assistant.

"The salary of such Assistant shall be in an amount not to exceed Eighteen Hundred Dollars ($1800) per annum and shall be subject to the consent and approval of the Commissioners Court of such counties. Acts 1939, 46th Leg., H. B. #1096."

The question of the constitutionality of Article 3903c is not before us in this opinion, and it is not ne-

cessary to pass upon the validity of the article in order to answer your inquiries.

Jones County has a population of 24,233 persons according to the last Federal Census.

Article 3912e, Section 13, Vernon's Annotated Civil Statutes, provides:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census, and having an assessed valuation in excess of Fifteen Million ($15,000,000) Dollars, according to the last approved preceding tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) percent for each One Million ($1,000,000) Dollars valuation or fractional part thereof in excess of said Fifteen Million ($15,000,000) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; and provided that in counties having a population of thirty-seven thousand five hundred (37,500) and less than sixty thousand (60,000) according to the last preceding Federal Census, and having an assessed

valuation in excess of Twenty Million ($20,000,000) Dollars, according to the last preceding approved tax roll of such county, the maximum amount allowed such officers as salaries, may be increased one (1%) percent for each One Million ($1,000,000) Dollars valuation or fractional part thereof, in excess of said Twenty Million ($20,000,000) Dollars valuation over and above the maximum amount allowed such officer under laws existing on August 24, 1935.

"(a) The Commissioners' Court may authorize the employment of a stenographer by the county judge and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred ($1200) Dollars per year." (Underscoring ours).

The provisions of Article 3912e would apply to Jones County.

Articles 3902 and Section 13(a) of Article 3912e, however, appear to be in conflict in respect to the authority of the county judge in appointing an assistant or stenographer.

This department has ruled on practically the same question in opinion No. 0-282 by the Honorable Benjamin Woodall, Assistant Attorney General, who rendered an opinion on whether a county judge, who has heretofore employed a stenographer on the basis of $100.00 per month, may now employ an assistant on the basis of $125. per month. Citing Articles 3902 and Section 13(a) of Article 3912e, it was held that the special provisions of Article 3912e would control the general statutes, and that the county judge would be precluded from paying the county judge's stenographer in excess of $1200. 39 TEX. JUR., 212, ¶ 114, and cases cited.

Section 13(a) of Article 3912e is a definite limitation upon Article 3902 in respect to the counties to which it applies and since it specifically controls the case of the county judge's assistant or stenographer, it removes the county judge from the coverage of the

phrase "any district, county or precinct officer" of Article 3902.

To hold otherwise would in effect sanction the appointment by the county judge of "deputies, assistants, and clerks" in addition to a stenographer authorized under Article 3912e, Section 13(a). It cannot be presumed that such was the intention of the Legislature.

Finally, nowhere else in Article 3902, supra, other than in the void Section 3(a) are we able to find a legislative grant of authority to the county judge to employ an "office assistant, bookkeeper and stenographer".

Article 3902 authorizes the appointment of deputies, assistants, clerks, etc. by county officers generally. While in the first sentence, it reads "any district, county or precinct officer", in setting out the compensation which may be allowed the appointed deputies, assistants or clerks, no reference other than that contained in the unconstitutional Section 3(a) is made to the county judge and an assistant for him. The special provisions of the Act control the General, and from the language of Article 3902 and Section 13(a) of Article 3912e, it appears that the county judge is without unlimited authority to appoint an assistant or pay him any salary.

It is our opinion that a county commissioners' court is not authorized under Article 3902, Vernon's Annotated Civil Statutes, in the absence of a specific grant of power, to pay any salary for an assistant for the county judge, and that in view of the provisions of Section 13(a) of Article 3912e, Vernon's Annotated Civil Statutes, applying to counties with population of 20,000 inhabitants or more, and less than 190,000 inhabitants, the county judge in such counties can only employ a stenographer with the approval of the commissioner's court at a salary not to exceed $1200.00.

Trusting that the above fully answers the three inquiries contained in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Dick Stout
Assistant

DS:ob
APPROVED OCT 13, 1939--

Robert E. Kepke
Acting ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN